UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN MAUSNER, an individual, on behalf of himself and as trustee for the Borg Trust,<br><br>Plaintiff,<br><br>v.<br><br>MARKETBYTE LLC, a California limited liability company; LAWRENCE D. ISEN, an individual; DAVID FREDERICK BAHR, an individual; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No.: 12cv2461 NLS (MDD)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO REMAND [Dkt. No. 90]** |

**Relevant Facts.**

Plaintiff Ian Mausner alleged defendants Lawrence Isen, David Bahr and Marketbyte, LLC (collectively, Marketbyte) engaged in a "pump and dump" scheme, where they falsely promoted over-the-counter ("OTC") stocks in order to sell their own shares of the stock at a higher price. *See, e.g.,* First Amended Complaint (FAC), Dkt. No. 15 ¶¶ 2, 36-38. Four claims were at issue in the case: (1) Violation of Securities Exchange Act of 1934 Section 10(b) and Rule 10b-5; (2) Violation of California Corporations Code § 25400; (3) common law fraud; and (4) negligent misrepresentation. Marketbyte moved for summary judgment on all four claims. This court granted summary judgment and ordered judgment entered in favor of all Defendants. [Dkt. Nos. 68, 69.] Mausner then filed a motion to amend the judgment, seeking relief on the common law fraud and negligent misrepresentation claims only, and alternatively, asking for leave to file an amended complaint. [Dkt. No. 72.] The court denied the motion. [Dkt. No. 78.]

Mausner appealed the order on the motion to amend, leaving the court's rulings on the Rule 10(b)(5) claim and the California Corporations Code intact. Thus, the only claims considered on appeal were the state law claims for common law fraud and negligent misrepresentation. The Ninth Circuit reversed this court regarding those two claims, finding that this court erred in holding that the FAC did not include causes of action for common law fraud and negligent misrepresentation based on direct fraudulent inducement. It specifically reversed this court's finding that because Mausner failed to provide an expert to testify regarding the damages caused by Marketbyte's alleged fraudulent and negligent conduct, it could not succeed on those claims:

> However, neither the district court nor the Defendants point to any California law **requiring** an expert for these torts, and we find none. To the contrary, California law permits damages for fraud and negligent misrepresentation to be proved in a variety of ways, including by out-of-pocket losses. *See Strebel v. Brenlar Invs., Inc.*, 135 Cal. App. 4th 740, 749–750 (2006). **Without clear law from California courts**, it was

2

> inappropriate for the district court to require Mausner to either provide a damages expert or suffer summary judgment. Our decision does not foreclose the parties from renewing the argument, which may benefit from further factual development.

Ninth Cir. Order, p.3 (emphasis added).

At the Appeal Mandate hearing, and following the hearing, counsel agreed to file a joint motion to remand this action because only state law claims remain in the case. But a few days after the hearing Mausner changed his mind. Then, Marketbyte filed this contested motion to remand.

**Discussion and Order.**

Marketbyte asks to remand the case because only state law claims remain and a California state court should decide the "open question" of whether expert testimony is required to establish common law fraud or negligent misrepresentation based on fraud in the inducement. Mausner asks the court to exercise its discretion and retain jurisdiction over the pendent state law claims and see this case through trial. Mausner argues this would serve the interests of judicial economy as the court is "deeply familiar with the facts and issues forming the basis of Mr. Mausner's claims, especially given the attention this lawsuit received at the summary judgment stage, and is prepared to try this case within the next several months." Opp'n, p.4.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded." 28 U.S.C. § 1447(c). Further, a district court "may decline to exercise supplemental jurisdiction over a claim…if…the district court has dismissed all claims over which it has original jurisdiction." Further, the doctrine of

> pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction

3

over state claims, even though bound to apply state law to them[.]

*United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

This case has been absent from this court for well over two years. While at one time the court was familiar with the facts, given the passage of time, this court would have to conduct an in-depth review all the facts and issues forming the basis of Mr. Mausner's claims. Further, the Ninth Circuit noted there is an open question under state law as to whether expert testimony is needed to prove the elements of Mausner's remaining claims. Given these circumstances, neither judicial economy nor fairness to litigants is served by this court retaining jurisdiction. Given the lack of federal claims, the need for this court to re-learn the facts and issues of this case, and the open question under California law, the court finds good cause to remand the case to state court.

The court, therefore, **ORDERS** that the case of *Mausner v. Marketbye, LLC, et. al*, Case No. 12cv2461 NLS (MDD) be remanded to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED.**

Dated: January 3, 2017

Hon. Nita L. Stormes
United States Magistrate Judge